# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT JOSHUA ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00599-DGK |
| | ) |
| WAYNE WALLINGFORD, *in his official capacity as Missouri Department of Revenue Director*, | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

This case arises from the Missouri Department of Revenue's attempt to collect unpaid state taxes allegedly owed by Plaintiff Robert Joshua Adkins. Plaintiff seeks to enjoin Wayne Wallingford, in his official capacity, from collecting the taxes and additionally seeks punitive damages for alleged violations of Missouri and federal law.

Now before the Court is Plaintiff's motion to proceed without payment of fees, ECF No. 1, and his ex parte motion for a preliminary injunction, ECF No. 3. These motions are DENIED AS MOOT because the Court lacks subject matter jurisdiction to hear this case.

Claims against state officials in their official capacities are suits against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989). The Eleventh Amendment bars citizens from suing a state in federal court for monetary damages. U.S. Const. amend. XI; *Barnes v. State of Mo.*, 960 F.2d 63, 64 (8th Cir. 1992). It is undisputed that suits against a state agency or department are suits against the state, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), and that the Missouri Department of Revenue is state agency shielded by the Eleventh Amendment, *see Canady v. I.R.S.*, 960 F. Supp. 211, 211 (W.D. Mo. 1997). Thus, to the

extent Plaintiff seeks monetary damages against Wayne Wallingford, that claim is barred by the Eleventh Amendment. Further, there is no evidence Congress has abrogated the immunity or that Missouri consents to suit. *See Pennhurst State Sch. & Hosp*, 465 U.S. at 99 (discussing exceptions to Eleventh Amendment immunity). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim for monetary relief.

Similarly, to the extent Plaintiff seeks to enjoin Wayne Wallingford from collecting unpaid taxes, that claim is barred by the Tax Injunction Act, *see* 28 U.S.C. § 1341, and the principles of comity that "restrain[] federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 424 (2010). Accordingly, under either § 1341 or *Levin* abstention, the Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief.

Therefore, this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   September 16, 2024                                          /s/ Greg Kays
                                                                                      GREG KAYS, JUDGE
                                                                                      UNITED STATES DISTRICT COURT